Newman, T.
A foreign corporation for profit, before it transacts business in this state, must first procure from the secretary of state a certificate as required by Section 178, General Code, and must pay Therefor the fee prescribed by Section 180. In the case of the relator, its authorized capital stock being more than $500,000 and less than $1,000,000, the fee to be paid is $30. No question is made as to this and it was included in the $430 which was tendered the secretary of state.
But the relator not being one of the corporations excepted by the provisions of Section 188, General Code, must, also, before it does business in this state, file with the secretary of state, under the provisions of Section 183, General Code, a state *353 ment under oath containing the following facts: (1) The number of shares of authorized capital stock of the corporation and the par value of each share; (2) The name and location of the office or offices of the corporation in Ohio and the names and addresses of the officers or agents of the corporation in charge of its business in Ohio; (3) The value of the property owned and used by the corporation in Ohio, where situated, and the value of the property of the corporation owned and used outside of Ohio; (4) The proportion of the capital stock of the corporation represented by property owned and used and by business transacted in Ohio.
It must then pay the fee prescribed by Section 184, General Code, which section is as follows:
“From the facts thus reported and any other facts coming to his knowledge, the secretary of state shall determine the proportion of the capital stock of the corporation represented by its property and business in this state, and shall charge and collect from such corporation for the privilege of exercising its franchise in this state, one-tenth of one per cent upon the proportion of its at* thorized capital stock represented by property owned and used and business transacted in this state, but not less than ten dollars in any case. Upon the payment of such fee the secretary of state shall make and deliver to such foreign corporation a certificate that it has complied with the laws of Ohio and is authorized to do business therein, stating the amount of its authorized capital stock and the proportion of such authorized capital stock represented in this state.”
*354 It is urged by the relator that under the provisions of this section the fee to be paid is $400, whereas the secretary of state insists that $600 is the proper amount.
The relator filed with the secretary of state the statement required by Section 183, supra, from which it appears that its authorized capital stock is $600,000, that the value of the property owned and used in the state of Ohio is $400,000, and that the value of the property owned and used outside of the state is nothing.
It is the contention of relator that since the amount of its capital and property invested and with which business is to be done does not exceed $400,000, and all is in this state, that amount should control in computing the fee. It appears from the petition that but $400,000 of the capital stock of the relator has been subscribed, issued or paid for. In the statement filed with the secretary of state this fact does not appear, nor is it required to be set forth under the provisions of Section 183. We consider this fact wholly unimportant and immaterial in arriving at the amount of the fee to be paid by the relator.
It is to be observed that the fee to be charged and collected is “one-tenth of one per cent upon the proportion of its authorized capital stock represented by property owned and used and business transacted in this state.” This fee is not one-tenth of one per cent, upon the value of the property in this state or of the business transacted therein. It is based upon the proportion of the authorized *355 capital stock represented by property owned ahd used and business transacted in this state.
In the instant case the authorized capital stock is $600,000. All the property of relator and all its business is in this state, and it follows that its entire authorized capital stock is represented by property owned and used in Ohio. There is no property owned and used elsewhere to represent such stock or any part thereof.
In the statement required by Section 183, supra, the proportion of the capital stock of a corporation represented by property owned and used and business transacted in Ohio must be set forth. It is said that this requirement is significant and there could be no reason for requiring a corporation using all its property in this state to report the proportion of the capital represented by the property so used unless only a part of its authorized capital stock was to be considered in determining the fee, and that if the general assembly had intended that a foreign corporation using all its property in Ohio should pay a fee based upon all such stock it would have said so. We do not subscribe to this view. It is to be presumed that a foreign corporation will transact at least some business and own some property outside of Ohio, and the term “proportion” is employed in the section upon that theory. But, if a foreign corporation owns and uses all its property in this state, we can conceive of no reason why it should be chargeable with a less fee than a domestic corporation.
Section 184, supra, is a part of what was *356 originally Section 148c, Revised Statutes, and in Section 148c, as enacted May 16, 1894, 91 Ohio Laws, 272, and as amended 93 Ohio Laws, 225, 94 Ohio Laws, 225, 95 Ohio Laws, 539, and 97 Ohio Laws, 496, this language appeared, “being the same fee required to be paid by corporations formed under the laws of Ohio.” This language was not carried into the General Code, and it is claimed by counsel on both sides that this fact is significant — defendant suggesting that this language in the original act indicated the construction which the general assembly placed upon it, and even though omitted in the General Code the same construction should now obtain, and the relator contending that the omission of this language indicates very clearly that it was not intended that a foreign corporation should pay 'the same fee as that exacted from a domestic corporation. As we view it, the omission of the language is due to the fact that it amounted to an incorrect statement; for it is not true that a foreign corporation in all instances pays the same fee exacted from a domestic corporation, for the amount to be paid by the former is based upon the proportion of its authorized capital stock represented by property owned and used and business transacted in this state, while the amount to be paid by the latter is based solely upon its authorized capital stock, regardless of the amount of business .done in the state.
Counsel for defendant make the further claim in support of the demurrer that the petition does •not show that the relator has complied with the *357 provisions of Sections 189 and 190, General Code, which are as follows:
“Sec, 189. On application, a foreign corporation shall have the right to be heard by the secretary of state in the matter of the determination of the proportion of-its capital stock represented by property used and business done in this state.
“Sec. 190. A corporation aggrieved by the decision of the secretary of state under the preceding section may, within ten days, appeal to the auditor of state, the treasurer of state and the attorney general, whose decision shall be final.”
It is said that this latter section having furnished a remedy for an alleged erroneous assessment of the fee to be paid, relator should have availed itself of its provisions before resorting to this proceeding in mandamus. We do not think this was necessary. The facts in the instant case are admitted, and the question for determination is one of law, viz., what is the proper construction to be given to the provisions of Section 184? This being true, the relator pursued the proper remedy in instituting this proceeding in the courts rather than appealing from the finding of the secretary of state.
Our conclusion is that the amount demanded by the secretary of state in the instant case is the proper one and for that reason the demurrer to the petition is sustained.

Demurrer sustained and petition dismissed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.